allegations regarding its contractual obligations to GI and denies them on that basis. Columbia further admits and alleges that the allegations of the Complaint speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 33.

### Count II

34. In response to paragraph 34, Columbia incorporates herein by this reference paragraphs 1 through 33 of the Answer as if set forth in full.

35. In response to paragraph 35, Columbia admits and alleges that the '275 Patent falls within the definition of Licensed Patent Rights under the Baxter License Agreement and that Plaintiff is obligated to pay royalties to Columbia pursuant to the terms of that agreement. Columbia further admits and alleges that the allegations of the Complaint speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 35.

36. In response to paragraph 36, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

### Count III

37. In response to paragraph 37, Columbia incorporates herein by this reference paragraphs 1 through 36 of the Answer as if set forth in full.

38. In response to paragraph 38, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

39. In response to paragraph 39, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

40. In response to paragraph 40, Columbia denies each and every allegation contained therein.

### Count IV

41. In response to paragraph 41, Columbia incorporates herein by this reference paragraphs 1 through 40 of the Answer as if set forth in full.

42. In response to paragraph 42, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

43. In response to paragraph 43, Columbia denies each and every allegation contained therein.

### Count V

44. In response to paragraph 44, Columbia incorporates herein by this reference paragraphs 1 through 43 of the Answer as if set forth in full.

45. In response to paragraph 45, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 45, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

46. In response to paragraph 46, Columbia denies each and every allegation contained therein.

47.     In response to paragraph 47, Columbia admits and alleges that the '216, '665, and '017 Patents expired on August 16, 2000, and are assigned to Columbia. Columbia further admits and alleges that the contents of the '216, '665 and '017 Patents and their prosecution histories speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 47.

48.     In response to paragraph 48, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 48.

49.     In response to paragraph 49, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 49.

50.     In response to paragraph 50, Columbia admits and alleges that the contents of the '275 Patent and its prosecution history speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 50.

51.     In response to paragraph 51, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 51.

52.     In response to paragraph 52, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 52.

53.     In response to paragraph 53, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Columbia further admits and alleges that the contents

of the '216 Patent speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 53.

54. In response to paragraph 54, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Columbia further admits and alleges that the contents of the '216 Patent speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 54.

55. In response to paragraph 55, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 55.

56. In response to paragraph 56, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 56.

57. In response to paragraph 57, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 57.

58. In response to paragraph 58, Columbia admits and alleges that on June 7, 1995, it filed the '136 and '159 Applications. Columbia further admits and alleges that the '136 Application issued as the '275 Patent. Columbia further admits and alleges that the contents of the '275 Patent and the '159 Application, and their prosecution histories, speak for themselves. Columbia further admits and alleges that the '159 Application is still pending. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 58.

59. In response to paragraph 59, Columbia denies each and every allegation contained therein.

60. In response to paragraph 60, Columbia admits and alleges that the contents of the '159 Application and its prosecution history speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 60.

61. In response to paragraph 61, Columbia admits and alleges that the prosecution histories of the '275 Patent and '159 Application speak for themselves. Columbia further admits and alleges that the '136 and '159 Applications were filed on June 7, 1995. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 61.

62. In response to paragraph 62, Columbia denies each and every allegation contained therein.

63. In response to paragraph 63, Columbia admits and alleges that the '636 Patent issued on September 22, 1992. Columbia further admits and alleges that the application that issued as the '636 Patent was filed on September 26, 1988. Columbia further admits and alleges that applications claiming priority to the '513 Application were pending during this time period. Columbia further admits and alleges that the contents of the '636 Patent and its prosecution history speak for themselves. Columbia further admits and alleges that the contents and prosecution histories of applications and patents, both foreign and domestic, that claim priority to or are related to the '513 Application, speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 63.

64. In response to paragraph 64, Columbia admits and alleges that the contents and prosecution histories of applications and patents, both foreign and domestic, that claim priority to or are related to the '513 Application, speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 64.

65. In response to paragraph 65, Columbia admits and alleges that the prosecution history of the '636 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 65.

66. In response to paragraph 66, Columbia admits and alleges that the '636 Patent claims priority to the '206 Application. Columbia further admits and alleges that the '206 Application was filed on March 15, 1982. Columbia further admits and alleges that the '275 Patent issued on September 24, 2002. Columbia further admits and alleges that the contents and prosecution histories of applications and patents, both foreign and domestic, that claim priority to or are related to the '513 Application, speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 66.

67. In response to paragraph 67, Columbia admits and alleges it is the assignee of the '636 and '275 Patents. Columbia further admits and alleges that the contents of the '636 Patent and its prosecution history speak for themselves. Columbia further admits and alleges that the contents and prosecution histories of applications and patents, both foreign and domestic, that claim priority to or are related to the '513 Application, speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 67.

68. In response to paragraph 68, Columbia admits and alleges that it proposed legislation that, if enacted into law, would have allowed Columbia to apply for an extension of the '216 Patent. Columbia further admits and alleges that Congress did not enact into law the legislation that Columbia proposed. Columbia further admits and alleges that the statements made to Congress regarding the '216 Patent speak for themselves. Columbia further admits and alleges that Columbia's statements to the PTO regarding the '216 Patent speak for themselves.

Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 68.

69. In response to paragraph 69, Columbia admits and alleges that the statements made to Congress regarding the '216 Patent speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 69.

70. In response to paragraph 70, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 70.

71. In response to paragraph 71, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 71.

**Count VI**

72. In response to paragraph 72, Columbia incorporates herein by this reference paragraphs 1 through 71 of the Answer as if set forth in full.

73. In response to paragraph 73, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

74. The Complaint and each of its purported claims fail to state facts sufficient to constitute a cause of action or to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

75. The Court lacks subject matter jurisdiction over the Complaint and each of its purported claims.

### THIRD AFFIRMATIVE DEFENSE

76. This Court lacks personal jurisdiction over Columbia.

### FOURTH AFFIRMATIVE DEFENSE

77. Venue is improper in the District of Massachusetts.

### FIFTH AFFIRMATIVE DEFENSE

78. Count V of the Complaint fails to satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

### SIXTH AFFIRMATIVE DEFENSE

79. The Complaint and each of its purported claims are barred in whole or in part by Plaintiff's ratification of the action allegedly taken.

### SEVENTH AFFIRMATIVE DEFENSE

80. Plaintiff comes to this Court with unclean hands. The Complaint and each of its purported claims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

81. Plaintiff has engaged in conduct and/or made representations that estop it from asserting in whole or in part each of its purported claims.

Respectfully submitted,

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK

By its attorneys,

*SMcC*

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02210-2600
(617) 542-9900

DATED: December 8, 2003

- 21 -

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Columbia hereby demands a trial by jury on any issue triable of right by a jury.

Respectfully submitted,

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK

By its attorneys,

*/s/ SMcC*

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA  02210-2600
(617) 542-9900

DATED:  December 8, 2003

## Certificate Of Service

I, Scott McConchie, hereby certify that on December 8, 2003, I caused a true copy of the foregoing **Answer to Complaint** and **Demand for Jury Trial** to be served on the following:

**BY HAND**

Donald R. Ware, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600

**BY HAND**

Claire Laporte, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600

_/s/ SMcCC_
Scott McConchie